IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE EDGAR HERNANDEZ, 1638975,<br>Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>Respondent. | )<br>)<br>)<br>)  No. 3:13-CV1534-O<br>)<br>)<br>)<br>)<br>) |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 13 2014
CLERK, U.S. DISTRICT COURT
By_____
Deputy

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Procedural Background

Petitioner was convicted of continuous sexual abuse of a child and was sentenced to life in prison. *State of Texas v. Jose Edgar Hernandez*, No. F-0946780-H (Crim. Dist. Ct. No. 1, Dallas County, Tex., April 7, 2010). On October 27, 2011, the Fifth District Court of Appeals affirmed the conviction. *Hernandez v. State*, No. 05-10-00493-CR (Tex. App. – Dallas 2011, pet. ref'd). On January 25, 2012, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. PDR No. 1760-11.

On March 15, 2012 Petitioner filed a state petition for writ of habeas corpus. *Ex parte Hernandez*, Application No. 78,329-01. On January 9, 2013, the Court of Appeals denied the

petition without written order. *Id.*

On April 10, 2013, Petitioner filed this federal petition pursuant to 28 U.S.C. § 2254. He argues he received ineffective assistance of counsel when:

(1) Trial counsel failed to investigate the case;

(2) Trial counsel failed to inform him of a twenty-five year plea offer; and

(3) Appellate counsel raised a meritless issue on appeal and failed to raise other viable claims.

On October 16, 2013, Respondent filed his answer. On December 17, 2013, Petitioner filed a reply. The Court now determines the petition should be denied.

## II. Factual Background

The following factual background is taken from the opinion of the Fifth District Court of Appeals.

> Evidence at trial showed appellant engaged in sexual contact with the child complainant starting when she was seven years old. When she was approximately eleven years old he began having sexual intercourse with her three to four times a week and eventually impregnated her at age thirteen.

*Hernandez v. State*, No. 05-10-00493-CR, Slip op. at 2.

## III. Discussion

### 1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

 (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

 (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

## 2. Ineffective Assistance of Counsel

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would

have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

A.   **Failure to investigate**

Petitioner claims his counsel was ineffective for failing to conduct an adequate investigation. He claims his counsel only met with him once, that counsel relied on the state's investigation rather than conducting his own investigation, and that counsel had no trial strategy. Petitioner argues his counsel failed to call witnesses, failed to argue the DNA did not conclusively show that Petitioner was the perpetrator, and failed to secure mitigating evidence.

Petitioner fails to submit any evidence that witnesses favorable to the defense were available and willing to testify at trial. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (stating that to establish the requisite *Strickland* prejudice, Petitioner must show that the testimony would have been favorable); *see also See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ . . . .").

Additionally, Petitioner's counsel submitted an affidavit on state habeas review responding to Petitioner's claims. Counsel stated that contrary to Petitioner's claim that he met with him only once, for approximately fifteen minutes, he actually met with Petitioner four times, for a total of five to six hours. *Ex parte Hernandez* at 11-13. Counsel stated he reviewed all the evidence he received from his discovery requests, including police reports, medical reports, CPS records, therapy records and Petitioner's recorded statement. *Id.* Counsel also investigated and

researched the DNA issue and met with the state's DNA expert. *Id.* Counsel stated his trial strategy was to cast doubt on the victim's credibility by showing that she initially told investigators that a boy at school had impregnated her. *Id.* Counsel also tried to raise doubt about the DNA evidence by arguing that another person with the same DNA profile could have been the perpetrator. *Id.* Petitioner's claim is without merit.

### B.     Plea Offer

Petitioner claims he received ineffective assistance of counsel when counsel failed to convey a twenty-five year plea offer from the prosecutor. He states his counsel told him about the plea offer as they were about to pick the jury, and that counsel stated he had rejected the offer because they were going to win at trial.

Defense counsel submitted an affidavit on state habeas review disputing Petitioner's claim. Counsel stated the prosecutor made a plea offer of forty years in prison, which Petitioner rejected. *Id.* Defense counsel stated the prosecutor never made a twenty-five year plea offer. *Id.* On state habeas review, the prosecutor also submitted an affidavit disputing Petitioner's claim. The prosecutor stated the only plea offer she made to Petitioner was an offer of forty years. *Ex parte Hernandez* at 14. Petitioner's claim is without merit.

### C.     Appellate Counsel

Petitioner claims he received ineffective assistance of appellate counsel because counsel advanced a meritless claim on appeal and failed to raise other meritorious claims. He claims his counsel should have argued that trial counsel was ineffective for failing to independently test the DNA evidence, and for failing to argue the DNA was unreliable because the detective held the DNA evidence in her car for three weeks prior to it being tested.

Petitioner, however, has failed to show that any independent testing of the DNA evidence would have produced a favorable result for the defense. Further, trial counsel did question the integrity of the DNA evidence. The state's forensic expert testified that there was a likelihood greater than 99.99 % that Petitioner was the father of the victim's child. (Trial Tr. Vol. 3 at 136.) On cross-examination, trial counsel was able to establish that, based on the DNA report, approximately two people out of 10,000 people could have a similar DNA profile to Petitioner. (*Id.* at 145.) Trial counsel also established that Petitioner's DNA sample was taken six weeks before it was transferred to SWIFS. (*Id.* at 149.) The forensic expert testified she had no knowledge of storage methods used for the DNA prior to its transfer to the Southwestern Institute of Forensic Sciences ("SWIFS"). (*Id.* at 153.) In closing arguments, defense counsel argued that the DNA could have been compromised between the time it was obtained from Petitioner and time the DNA was transferred to SWIFS. (*Id.* at 182-83.) Trial counsel therefore made the arguments that Petitioner complains were not made. Petitioner's claim is without merit.

### 3. Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 13 day of March, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).